# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY WILLIAMS,** | : |
| **Plaintiff** | : **CIVIL ACTION NO. 3:05-0890** |
| **v.** | : **(KOSIK, D.J.)** |
| | **(MANNION, M.J.)** |
| **JOSEPH V. SMITH, Warden;** | : |
| **CAPTAIN R. CLAY; and** | |
| **LIEUTENANT K. GABRIELSON,** | : |
| **Defendants** | : |

## **MEMORANDUM AND ORDER**

Before the court are two motions filed by the plaintiff for the appointment of counsel. (Doc. Nos. 24 and 34). On May, 2, 2005 the plaintiff filed a complaint pursuant to 28 USC §1331 (Doc. No. 1). Included in the allegations of the complaint are that the plaintiff "...was placed in black box handcuffs, belly chain, and shackles for 96 hours. I had no range of motion which means I was unable to eat, bathe myself, clean myself after using the restroom "urinating and defecating" furthermore I was unable to remove my clothing.....I was forced to urinate and defecate on my physical person on 8/3/04. I was unable to clean myself so I sat for over 40 hrs with urine and feces covering my lower body. I was given sack lunches for 96 hrs and because I was unable to clean myself due to severely tight restraints, my food was distributed onto a steele (sic) desk and I was forced to eat off of this desk as if I were a savage

1

untamed animal...." (Doc. No. 1, statement of claim).

Title 28 U.S.C. §1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case. The United States Supreme Court has held, however, that §1915 does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case. Mallard v. U.S. District Court, 490 U.S. 296 (1989).

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit set forth certain factors to be considered when deciding whether to ask an attorney if he or she will accept the responsibility of representing a pro se plaintiff. Some of the factors set forth by the court include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. Tabron, at 155-56.

Middle District of Pennsylvania Local Rule 83.34.3 and 83.34.4 allows the court to request the pro bono chair of the Middle District Federal Bar Association to solicit from its pro bono panel an attorney who will accept appointment as counsel, in an appropriate case.

The court has reviewed the plaintiff's case thus far and concludes that

the circumstances in this case justify a request to the chair of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case. A communication to that end will be initiated to Charles W. Rubendall, II, the panel chair.

**IN LIGHT OF THE FOREGOING, IT IS HEREBY ORDERED THAT:**

(1) the plaintiff's requests for appointment of counsel (Doc. Nos. 24 & 34) are conditionally granted pursuant to the provisions of MDPA LR 83.34.4;

(2) the clerk of court is directed to forward a copy of this order to Mr. Rubendall, along with a copy of document numbers 1, 18-20, 24, 27, and 30-34;

(3) Mr. Rubendall is directed to inform the court within a reasonable period of time, not to exceed 45 days, whether an attorney will enter his or her appearance on behalf of the plaintiff or, in the alternative, that no panel attorney accepts the appointment.

S/ Malachy E. Mannion
MALACHY E. MANNION
United States Magistrate Judge

Dated:   November 22, 2005
O:\shared\ORDERS\2005 ORDERS\05-0890.03.wpd

3